22-956-cv
Demarest v. Underhill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-two.

PRESENT:
    GUIDO CALABRESI,
    GERARD E. LYNCH,
    WILLIAM J. NARDINI,
        *Circuit Judges.*

---

David P. Demarest,

    *Plaintiff-Appellant*,

v.                                                      22-956

Town of Underhill, a municipality and charter town, Daniel Steinbauer, as an individual and in official capacity as Selectboard Chair, Bob Stone, as an individual and in official capacity, Dick Albertini, as an individual and in official capacity, Seth Friedman, in official capacity, Marcy Gibson, as an individual and in official capacity, Rick Heh, as an individual and in official capacity, Brad Holden, as an individual and in official capacity, Anton Kelsey, in official capacity, Karen McKnight, as an individual and in official capacity, Nancy McRae, as an individual and in official capacity, Steve Owens, as an individual and in official capacity, Clifford Peterson, as an individual and in official capacity, Patricia Sabalis, as an individual and in official capacity, Cynthia Seybolt, as an individual

and in official capacity, Trevor Squirrell, as an individual and in official capacity, Rita St. Germain, as an individual and in official capacity, Daphne Tanis, as an individual and in official capacity, Walter "Ted" Tedford, as an individual and in official capacity, Steve Walkerman, as an individual and in official capacity, Mike Weisel, as an individual and in official capacity,

    *Defendants-Appellees*,

Judy Bond, in official capacity, Peter Brooks, in official capacity, Peter Duvall, in official capacity, Barbara Greene, in official capacity, Carolyn Gregson, in official capacity, Stan Hamlet, as an individual and in official capacity, Faith Ingulsrud, in official capacity, Kurt Johnson, in official capacity, Michael Oman, in official capacity, Mary Pacifici, in official capacity, Barbara Yerrick, in official capacity, Front Porch Forum, as a Public Benefit Corporation fairly treated as acting under color of law due to past and present factual considerations while serving the traditional governmental role of providing "Essential Civic Infrastructure" ranging from the distribution of public meeting agendas to the coordination of civilian natural disaster relief efforts, Jericho Underhill Land Trust, as Non-Profit Corporation fairly treated as acting under color of law due to past and present factual considerations and a special relationship willfully participating in and actively directing acquisition of municipal property by the Town of Underhill,[1]

    *Defendants*.

---

**FOR PLAINTIFF-APPELLANT:**      DAVID DEMAREST, *pro se*, Underhill, VT.

**FOR DEFENDANTS-APPELLEES:**      KEVIN L. KITE (James F. Carroll, *on the brief*), Carroll, Boe, Pell & Kite, P.C., Middlebury, VT.

---

[1] The Clerk of Court is directed to amend the caption of the case as set forth above.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David Demarest appeals portions of the dismissal of his *pro se* 42 U.S.C. § 1983 complaint by the United States District Court for the District of Vermont (William K. Sessions III, *Judge*). Because we conclude that the relevant portions of the complaint were barred by claim preclusion and the running of the statute of limitations, or otherwise failed to state a valid claim, we affirm.

We assume the parties' familiarity with the case, and write against the backdrop of the Vermont Supreme Court's decisions addressing Demarest's prior litigation efforts in state court. *See generally Demarest v. Town of Underhill*, 256 A.3d 554 (Vt. 2021); *Demarest v. Town of Underhill*, 138 A.3d 206 (Vt. 2016); *Demarest v. Town of Underhill*, 87 A.3d 439 (Vt. 2013). Invoking 42 U.S.C. § 1983, Demarest sued the Town of Underhill, individual defendants working on behalf of the town (the "Municipal Defendants"), an online forum, and a land trust, alleging numerous constitutional violations. The district court dismissed all of Demarest's claims, in part for failure to state valid claims and in part on claim preclusion, statute of limitations, and *Rooker-Feldman*[2] grounds.

---

[2] *D.C. Ct. of App. v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Although *Rooker-Feldman* relates to subject matter jurisdiction, the district court applied the doctrine to only a narrow subset of Demarest's claims and otherwise reached the merits. Because we can bypass *Rooker-Feldman* in an appropriate case, *see Butcher v. Wendt*, 975 F.3d 236, 244 (2d Cir. 2020), we do so here and affirm on other, non-*Rooker-Feldman* grounds.

3

Demarest limits his appeal to the Municipal Defendants and a subset of his original claims.[3] Our review is *de novo*, both generally and with regard to claim preclusion and the statute of limitations. See *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298 (2d Cir. 2022); *Ray v. Ray*, 22 F.4th 69, 72 (2d Cir. 2021); *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply Vermont claim preclusion law to Vermont state court judgments. See *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982). As the Vermont Supreme Court explained in Demarest's most recent state court action, "[c]laim preclusion bars [re]litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Demarest*, 256 A.3d at 558 (internal quotation marks omitted). In that case, Demarest had also litigated the same years-long reclassification dispute that forms the basis of his current federal suit, and the Vermont Supreme Court ultimately held that Demarest's core claims were barred by claim preclusion, as they could have been raised in one of Demarest's earlier state actions. Because we, like the district court, are bound by decisions of the Vermont Supreme Court on matters of Vermont law, *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013), we too must conclude that any claim that could have been brought in those earlier state actions is barred by claim preclusion.[4] Thus, any claim that could

---

[3] Accordingly, on appeal, Demarest expressly "stipulates to the dismissal of the Ninth and Tenth causes of action as they relate to the Jericho Underhill Land Trust and Front Porch Forum." Reply Brief for Appellant at 2.

[4] Demarest does not challenge the district court's determination that the individual Municipal Defendants were in privity with the Town of Underhill, which was the opposing party

4

have been brought in the case that gave rise to the Vermont Supreme Court's decision (which also reached the merits of certain new allegations) is also barred by claim preclusion.

We also agree with the district court that the remaining claims are largely time barred. Demarest filed this lawsuit in June 2021, yet much of the conduct targeted by his complaint dates from long before. Since a § 1983 claim adopts the limitations period for a state personal injury tort—which in Vermont is three years, *see Morse v. Univ. of Vt.*, 973 F.2d 122, 125–27 (2d Cir. 1992)—claims accruing before June 2018, which comprise the majority of Demarest's complaint, would be time barred. Although Demarest argues that his claims accrued only when a recent Supreme Court decision, *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019), removed an impediment to his pursuing them, he is incorrect: "[a] decision recognizing a cause of action after the period has run does not retroactively interrupt the running of the limitations period." *Fiesel v. Bd. of Educ. of N.Y.C.*, 675 F.2d 522, 524 (2d Cir. 1982) (internal quotation marks omitted).

To the extent Demarest's First Amendment claims would survive both the time bar and the application of claim preclusion, we conclude that Demarest has otherwise failed to state a claim upon which relief could be granted. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (observing that this Court can affirm on any basis supported by the record). Even with the requisite liberal construction afforded to the pleadings and filings of *pro se* litigants, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017), the relevant non-conclusory allegations of the amended complaint do not establish a plausible First Amendment claim, *see*

---

in his earlier state actions. He has therefore abandoned any argument to the contrary. *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 122 n.11 (2d Cir. 2017).

*Zherka v. Amicone*, 634 F.3d 642, 643 (2d Cir. 2011) ("Private citizens alleging retaliation for their criticism of public officials must show . . . [an] 'actual chilling' of their exercise of their constitutional right to free speech . . . [or] some other form of concrete harm . . . ."); *Lawyers' Comm. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 284 (2d Cir. 2022) ("[T]he First Amendment 'does not impose any affirmative obligation on the government to listen [or] to respond' to a citizen's speech." (quoting *Smith v. Arkansas State Highway Emp., Loc. 1315*, 441 U.S. 463, 465 (1979)).

We have considered all of Demarest's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

