UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-956

**Caption [use short title]**

**Motion for:** Extension Of Time To File Petition For Rehearing or Rehearing En Banc

Set forth below precise, complete statement of relief sought:

A 30-day Extension of Time to File Petition For Rehearing or Rehearing En Banc

If granted, the new deadline will be January 20, 2023

Demarest v. Underhill

**MOVING PARTY:** David P. Demarest
**OPPOSING PARTY:** Town of Underhill, et. al.

[✓] Plaintiff  [ ] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

**MOVING ATTORNEY:** David P. Demarest, pro se
**OPPOSING ATTORNEY:** Kevin L. Kite

[name of attorney, with firm, address, phone number and e-mail]

P.O. Box 144, Underhill, VT 05489
(802)363-9962
david@vermontmushrooms.com

Carroll, Boe, Pell, & Kite, P.C.
64 Court Street, Middlebury, VT 05753
(802)388-6711    kkite@64court.com

**Court- Judge/ Agency appealed from:** Vermont District Court, Hon. William K. Sessions III

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed  [✓] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✓] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? [ ] Yes [✓] No
Has this relief been previously sought in this court? [ ] Yes [✓] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [✓] Yes [ ] No  If yes, enter date: Oral arguments were December 1, 2022

**Signature of Moving Attorney:**
/s/ David P. Demarest    **Date:** 12/15/2022    Service by: [✓] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

## INTRODUCTION

Plaintiff-Appellant David Demarest respectfully moves for a 30-day extension of time, until January 20, 2022, within which to file a petition for rehearing or for rehearing en banc in this matter pursuant to Federal Rules of Appellate Procedure 26(b), 35(c) and 40(a)(1).

As set forth below, good cause exists for the requested extension on account of counsel considering representation on this matter and the complexity of the issues presented.

## PROCEDURAL HISTORY

On April 27, 2022, Plaintiff-Appellant filed his Notice of Appeal from the District Court's Order granting Municipal Defendants-Appellees Rule 12(b)(6) motion to dismiss all 42 U.S.C §1983 causes of action identified in initial pleadings. The parties briefed this Court, which held oral argument on December 1, 2022. On December 7, 2022, the Court issued its Summary Order affirming the District Court order dismissing all initial pleadings, which made December 21, 2022, Appellant's deadline to petition for rehearing or rehearing en banc.

## ARGUMENT

### Law Firm Considering Representation Needs Time to Analyze

Since December 7, 2022, the date the panel issued its decision in this case, Plaintiff has diligently sought the representation of skilled appellate firms familiar with the niche of law involving the case at issue Id. ¶ 4 to 5. and counsel from the firm Manatt, Phelps & Phillips, LLP is strongly considering representation of Plaintiff on this matter but needs time to be able to analyze the materials Id. ¶ 5.

### Implications of Future Decision in *Wilkins v. United States*

Recent arguments before the Supreme Court in *Wilkins v. United States*, more artfully clarify when a statute of limitations should be considered a strict jurisdictional bar, as opposed to when a statute of limitations serves as a claims processing rule which inter alia includes provisions for equitable tolling, equitable concealment, and fraudulent estoppel. Id. ¶6

## This Appeal Involves A Matter of Significant Public Importance

The implications of the 19 V.S.A. 701(2) definition of "altered" as applied present a uniquely troubling issue for all landowners in the State of Vermont since, as applied, interested parties adversely impacted by municipal decisions involving town highways and legal trails may no longer challenge municipal decisions which may result in a taking of clearly established private property rights under anything other than the most deferential standard of review, which begins akin to seeking a *writ of certiorari* of the municipal defendant's own narrative of decision making.

Due to a significant gap in state court non deferential jurisdiction, any handful of town officials in Vermont can follow the skilled legal maneuvering of Municipal Defendants inconsistent narratives to first erode and then outright rescind the once clearly established private property rights of town highway abutters based upon an ipse dixit claim of discretion, unless the Vermont legislature corrects the vague definition of "altered" as constrained by and applied under 19 V.S.A. 701(2).

## Conclusion

For the foregoing reasons, the Court should grant Appellant's motion for an extension of time to file a Petition for Rehearing or Rehearing En Banc for 30 days, until January 20, 2023.

Appellant has exercised diligence this case and the requested extension is not for purposes of delay. Id. ¶ 7.

Defendant-Appellee counsel has been contacted about this motion and does not consent to any motions for the extension of time. Id. ¶ 8.

Date: December 15, 2022                    Respectfully submitted,

/s/ David P. Demarest
David P. Demarest, *Pro se*
P.O. Box 144
Underhill, VT 05489
(802)363-9962

## DECLARATION OF DAVID P. DEMAREST

I, David P. Demarest, declare:

1. I have proceeded *pro se* on present claims due to the fact dependent nature and extreme duration of municipal defendant decisions leading up to causes of action at issue.

2. This Declaration is submitted in support of the Motion for an Extension of Time to File a Petition for Rehearing or Rehearing En Banc.

3. The petition is currently due December 21, 2022, and I am seeking an extension of time of 30 days, which is until January 20, 2023.

4. Since December 7, 2022, the date the panel issued its summary order in this case, I have diligently sought to retain counsel.

5. Counsel from Manatt, Phelps & Phillips, LLP is strongly considering representing me on this matter and needs time to be able to analyze the materials.

6. I have spent a significant amount of time researching and studying the implications of *Wilkins v. The United States*, which had oral arguments before the United States Supreme Court the day before my oral arguments before this Court.

7. I have exercised diligence in timely filing all prior briefs and the requested extension is not for purposes of delay.

8. I contacted counsel for Defendant-Appellees about whether they would consent to the requested time extension, and they are not agreeable to the filing of any motion requesting an extension of time.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2022.

/s/ David P. Demarest
David P. Demarest
P.O. Box 144
Underhill, VT 05489
(802)363-9962
